**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

YANDRIEL JIMENEZ PLASENCIA,

    Petitioner,

v.

CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center, et al.,

    Respondents.

No. 3:26-cv-01660-BTM-MSB

**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Yandriel Jimenez Plasencia's amended petition for a writ of habeas corpus.

**A.    Background**

Petitioner's amended petition alleges the following undisputed facts. Petitioner arrived in the United States from Cuba on November 10, 2016. Petitioner was granted humanitarian parole. Petitioner received a work permit. Petitioner's parole expired in 2018.

On May 30, 2025, Petitioner was detained by immigration officers. Petitioner did not receive written notice nor an informal interview before he was detained. Petitioner has been in detention since May 30, 2025. According to the Government, in March 2019,

Petitioner was convicted of marijuana possession in Colorado.  On the day he was detained, on May 30, 2025, Petitioner was served with a Notice to Appear (NTA)—which charged him with being removable based on his marijuana conviction.  In the NTA, Petitioner was scheduled to appear before an immigration judge on July 1, 2025.

Petitioner claims that his detention was unlawful because immigration officers failed to grant him written notice or a chance to contest his detention.  Petitioner also claims that his detention has become unconstitutionally prolonged.

The Government contends that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) and that the Court upheld the constitutionality of that provision in *Demore v. Kim*, 538 U.S. 510 (2003).  The Government argues that Petitioner has repeatedly requested continuances of his immigration proceedings.  Thus, in the Government's view, the length of Petitioner's detention is attributable to him, not the Government, and he has failed to show that his detention is unconstitutionally prolonged.

The Court held argument on April 30, 2026.  At argument, the Government represented that Petitioner's asylum application was denied by the immigration judge, and that a final order of removal has been entered or will be imminently entered.

**B.    Discussion**

The Court assumes that Petitioner had a constitutional right to notice and an opportunity to contest his detention before he was detained.  *See, e.g.*, *Quiroz v. Larose*, No. 26-CV-866 JLS (DEB), 2026 U.S. Dist. LEXIS 49482, *5 (S.D. Cal. Mar. 10, 2026) ("As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest."); *Kazybayeva v. Warden*, No. 26-cv-0421-GPC-MMP, 2026 U.S. Dist. LEXIS 22532, *9 (S.D. Cal. Feb. 3, 2026) (ruling that the "Petitioner was entitled to a predeprivation bond hearing").  However, even if his initial detention was unlawful, Petitioner has failed to show he is entitled to release based on the unlawfulness of his initial detention.

In a habeas action, the petitioner challenges the lawfulness of his custody, and release is typically the appropriate remedy.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484

2

(1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023) ("[W]e continue to adhere to the principle that the core of habeas is reserved for claims that seek release from confinement."); *Rauda v. Jennings*, 8 F.4th 1050, 1056 (9th Cir. 2021) ("[T]he core of habeas relief is release from unlawful executive detention." (citation, quotation, and emphasis omitted)).

In Petitioner's amended habeas petition, he concedes that Congress has mandated his detention under 8 U.S.C. § 1226(c)(1)(A). As Petitioner states, he "is detained under one such statute, 8 U.S.C. § 1226(c)(1)(A), which requires mandatory detention without any individualized bond hearing for anyone with a drug conviction." Because Petitioner concedes that his detention is mandated by 8 U.S.C. § 1226(c)(1)(A), he has failed to show that he is entitled to be immediately released from custody. *See Stallings v. Splain*, 253 U.S. 339, 343 (1920) ("Where it appears that sufficient ground for detention exists a prisoner will not be discharged for defects in the original arrest or commitment.").

Petitioner's claim for immediate release is thus denied.

Petitioner is entitled to a bond hearing, however, under the Due Process Clause. *See Hunter v. Larose*, No. 26-cv-00894-BTM-VET, 2026 U.S. Dist. LEXIS 86710 (S.D. Cal. Apr. 17, 2026) (granting bond hearing to a Section 1226(c) detainee); *Rowe v. Archambeault*, No. 26-cv-01744-GPC-DEB, 2026 U.S. Dist. LEXIS 70425 (S.D. Cal. Mar. 31, 2026) (same); *Durand v. Allen*, No. 23-cv-00279-RBM-BGS, 2024 U.S. Dist. LEXIS 29823 (S.D. Cal. Feb. 21, 2024) (same); *Sanchez-Rivera v. Matuszewski*, No. 22-cv-1357-MMA (JLB), 2023 U.S. Dist. LEXIS 3858 (S.D. Cal. Jan. 9 2023) (same). Civil immigration detention must be based on protection of the community or preventing flight. *See Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001). Here, there has been no finding that Petitioner is a flight risk or a danger to the community. Further, Petitioner has a strong liberty interest in remaining free from custody.

Petitioner has a wife and two children in Florida. Petitioner's son has a serious medical condition, spina bifida. Petitioner has lived in the United States for about nine years, and the Government acknowledged at oral argument that removal to Cuba may be difficult. Petitioner plans to appeal the denial of his immigration claims, and that process can take an additional year or two. Petitioner's current confinement at the Otay Mesa Detention Center is akin to imprisonment. *See Mingzhi Gao v. Larose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025) ("[C]onditions of confinement at Otay Mesa Detention Center are not dissimilar to criminal confinement.").

Based on the specific facts and circumstances of this case, Petitioner is entitled to a bond hearing.

### C.    Conclusion

For the reasons stated, the amended petition for a writ of habeas corpus is granted in part and denied in part. No later than May 18, 2026, the Government must provide Petitioner an individualized bond hearing before a fair, neutral, and open-minded immigration judge. If the IJ denies bond, the judge must make specific findings as to why Petitioner is a danger to the community or a flight risk. If Respondents or the IJ fail to comply with this writ, Petitioner can apply to this Court for relief. The parties must provide a status report no later than May 19, 2026.

**IT IS SO ORDERED.**

Dated: May 4, 2026

Honorable Barry Ted Moskowitz
United States District Judge

4